UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

BARRY MARTEZ JENKINS,

        Petitioner,

v.                                                         Case No. 08-C-574

JAMES DOYLE,

        Respondent.

**ORDER**

On July 3, 2008, Barry Martez Jenkins filed a petition pursuant to 28 U.S.C. § 2254, asserting that his state court conviction and sentence were imposed in violation of the Constitution. The Court dismissed his original petition because Jenkins had failed to comply with Civil Local Rule 9.1, which requires that petitions for habeas relief "must be on forms supplied by the Court." Jenkins was granted leave, however, to file an amended petition, and has now done so.[1] Jenkins was convicted in Milwaukee County Circuit Court of delivery of a controlled substance (heroin), and was sentenced to five years of initial confinement and three years of extended supervision, plus a $500 fine. He is currently incarcerated at Wisconsin Secure Program Facility.

---

[1] Jenkins has filed his amended petition on the forms supplied by the Court in compliance with Civil Local Rule 9.1, but included with his filing a letter in which he asserts that "in addition to his Amended Petition," he intends to "rely on the assertions in his July 3, [20]08, petition as significant to his supplemental/Amended Petition [sic]." This he may not do. Civil Local Rule 15.1 requires that any amendment to a pleading must reproduce the entire pleading as amended, and may not incorporate any prior pleading by reference. Because it appears, however, that the original complaint merely offers minor elaborations on the claims Jenkins' presents in his amended petition, I will nonetheless review his amended petition pursuant to Rule 4 of the Rules Governing § 2254 Cases.

I must give the case prompt initial consideration pursuant to Rule 4 of the Rules Governing § 2254 Cases, which reads:

> If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified. Otherwise the judge shall order the respondent to file an answer.

Rule 4, Rules Governing § 2254 Cases. During my initial review of habeas petitions, I look to see whether the petitioner has set forth cognizable constitutional or federal law claims and exhausted available state remedies.

During the course of the criminal proceeding against him, Jenkins entered a guilty plea pursuant to a plea agreement under which the state agreed to recommend two years of initial confinement, two years of extended supervision, a one thousand-dollar fine, and costs upon his sentencing. Jenkins' central claim in his petition is that in addition, he was led to believe by defense counsel and the prosecuting attorney that if he pled guilty to the charges against him, he would have the opportunity to cooperate with law enforcement in order to better his position before sentencing, and that based on such cooperation, the state would be willing to negotiate a lesser, more favorable, recommendation than that guaranteed by the terms of the original plea agreement. On the basis of this belief, Jenkins alleges, he entered a guilty plea and withdrew a motion challenging the allegedly suggestive nature of a photo array used in his identification.[2]

---

[2] To the extent Jenkins seeks habeas relief on the basis of his allegation that the photo array procedure that led to his identification was unlawful, this claim is without merit, and has not been fairly presented to the state courts. Jenkins and defense counsel each filed motions before the trial court to suppress the evidence, but then withdrew the motions upon Jenkins' guilty plea. Jenkins makes no allegation that the photo array was used to support his conviction. Even if his arrest were illegal, as he implies, that alone is not grounds for habeas relief. *See Booker v. Ward*, 94 F.3d 1052, 1056 (7th Cir. 1996) ("[A] a wrongful arrest claim, like a number of other Fourth Amendment claims, does not inevitably undermine a conviction; one can have a successful wrongful arrest claim and still have a perfectly valid conviction.").

2

However, Jenkins claims, he was not provided the opportunity he expected. The factual background of the case is more fully set forth in the Wisconsin Supreme Court's decision addressing Jenkins' direct appeal, *State v. Jenkins*, 2007 WI 96, 303 Wis. 2d 157, 736 N.W.2d 24. In sum, although Jenkins provided what detectives acknowledged was "good information" concerning illegal drug activity to state authorities, he was unable to get any "credit" for his assistance unless he could arrange a narcotics transaction, an impossibility because of his incarceration. Although it was suggested that he might benefit from cooperation with federal authorities, an option defense counsel made significant efforts to arrange, at the time of Jenkins' sentencing hearing, no federal agents had contacted him. Defense counsel moved for an adjournment of the sentencing hearing, but upon questioning by the circuit court, indicated that Jenkins' cooperation with law enforcement was not a term of the plea agreement, merely an opportunity Jenkins had hoped to take advantage of with the knowledge that his guilty plea was a prerequisite. Counsel did not move to withdraw the guilty plea. Jenkins now asserts his failure to do so constituted ineffective assistance of counsel.

Jenkins did directly request that the court permit him to withdraw his plea, and both he and his attorney moved the court to permit counsel to withdraw. The court noted, however, that because Jenkins' first appointed attorney had previously withdrawn, if defense counsel also withdrew it would be unlikely that another public defender would be appointed. Jenkins then declined the court's offer to delay sentencing to permit him to retain his own attorney, and opted to continue with his appointed counsel. The court denied counsel's motion for adjournment and Jenkins' motion to withdraw his plea, finding that although Jenkins' had a disappointed hope that he would have an opportunity to cooperate with authorities, this was not a basis for the withdrawal of his plea where

3

defense counsel and the prosecutor agreed that this opportunity had never been a term of the plea agreement and there was no suggestion of such a condition during the course of the plea colloquy.

After his sentencing, Jenkins' filed motions for post-conviction relief alleging, among other claims, that the court erred in determining he had no "fair or just reason" to withdraw his plea prior to sentencing, that his guilty plea was not knowing, intelligent, and voluntary because he did not understand the terms of the plea agreement, and that he was denied his constitutional right to effective assistance of counsel because his trial counsel failed to adequately explain those terms, and failed to move for plea withdrawal before sentencing. The circuit court denied relief, finding that Jenkins held no "genuine misunderstanding" of the consequences of his plea, and that the opportunity to meet with federal law enforcement authorities was never a part of the plea agreement. *State v. Jenkins*, No. 02-CF-005203, 2004 WL 5535752 (Wis. Cir. May 20, 2004).

On appeal, the state appellate court reversed, concluding that the circuit court abused its discretion in denying Jenkins' motion to withdraw his plea, because he had a "fair and just" reason for doing so, and it would not have resulted in prejudice to the state. *State v. Jenkins*, 2006 WI App 28, 289 Wis. 2d 523, 710 N.W.2d 502. The court of appeals did not reach the issue of counsel's performance or the constitutionality of Jenkins' plea. Upon review, the state supreme court reversed the court of appeals, and held that the circuit court did not erroneously exercise its discretion when it denied Jenkins' motion to withdraw his plea. The court found that record supported the circuit court's determination that Jenkins understood the consequences of his plea, because throughout the case Jenkins was represented by counsel, he had several months to consider the plea agreement offered by the state, the plea agreement itself did not include a promise that Jenkins would be

4

guaranteed the opportunity to work with law enforcement, and Jenkins participated in a thorough plea colloquy with the court during which no such condition was mentioned.

Jenkins is entitled to habeas relief only if the state court's adjudication of his claims "resulted in a decision that was contrary to, or involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d)(2). Any factual issues determined by the state courts are presumed to be correct, and the petitioner must rebut that presumption by clear and convincing evidence. *Id*. § 2254(e)(1); *see also Harding v. Walls*, 300 F.3d 824, 828 (7th Cir. 2002).

Although his petition is somewhat difficult to decipher, it appears that Jenkins' now raises the following four claims: (1) his guilty plea was not knowingly, intelligently and voluntarily entered, because he was "tricked and coerced" into accepting the plea, believing he would have the opportunity to cooperate with law enforcement, and " with the expectation that he would be allowed to negotiate a deal before sentencing;" (Am. Pet. 9) (2) he was denied effective assistance of counsel when defense counsel failed to file a motion to withdraw the guilty plea prior to Jenkins' sentencing; (3) counsel was also ineffective because he failed to adequately explain the plea agreement and its consequences; (4) the trial judge sentenced Jenkins to an excessive prison term. Jenkins alleges generally that he was deprived of his rights in these ways in furtherance of a conspiracy between the Milwaukee police, defense counsel, the prosecutor, and the trial judge to secure his conviction.

5

At least some of Jenkins' allegations state constitutional claims that are cognizable under § 2254. His claim that his plea was involuntary implicates his right to due process under the Fourteenth Amendment. *Boykin v. Alabama*, 397 U.S. 238, 242 (1968); *Santobello v. New York*, 404 U.S. 257 (1971). His claim that his attorney rendered ineffective assistance by failing to adequately explain the plea agreement states a claim under the Sixth Amendment. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). However, Jenkins' claim that counsel provided ineffective assistance by failing to file a motion to withdraw the plea is without merit. *Strickland* requires a showing of deficient performance and prejudice to establish ineffective assistance. Despite counsel's failure to move for a plea withdrawal, Jenkins himself was permitted to make such a motion, which the court denied on its merits. Therefore, it is clear that he suffered no prejudice from counsel's performance in this respect. Accordingly, this claim will be dismissed.

It does not appear that Jenkins raised his claim challenging his sentence as excessive in the state court proceedings. An application for writ of habeas corpus from a person in state custody shall not be granted unless it appears that (a) the applicant has exhausted state remedies, or (b) there is no available state corrective process or circumstances exist that render such process ineffective to protect the applicant's rights. 28 U.S.C. § 2254(b)(1). To exhaust a claim, the petitioner must provide the state courts with a full and fair opportunity to review his claims. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). A specific claim is not considered exhausted if the petitioner "has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). This requires the petitioner to appeal adverse state court decisions all the way to the state supreme court when doing so is part of the ordinary appellate review procedure in that state. *O'Sullivan*, 526 U.S. at 847. The doctrine of exhaustion allows state courts the "initial

6

opportunity to pass on and correct alleged violations of its prisoners' federal rights." *Wilwording v. Swenson*, 404 U.S. 249, 250 (1971) (internal quotation marks omitted). Here, it seems Jenkins has failed to exhaust his excessive sentence claim, which alone warrants dismissal.

Moreover, even if the exhaustion requirement were met, Jenkins' claim challenging the length of his sentence consists of a single sentence, and does not explain how or why he believes his sentence was unlawful. The conclusory "notice pleading" permitted in civil suits is inadequate in habeas cases, since "the petition is expected to state facts that point to a 'real possibility of constitutional error.'" Advisory Committee Note to Habeas Rule 4 (quoting *Aubut v. State of Maine*, 431 F.2d 688, 689 (1st Cir. 1970)). *See Dellenbach v. Hanks*, 76 F.3d 820, 822 (7th Cir. 1996). The district court is not required to review the entire state record to search and determine whether any facts support the petitioner's claim. *Adams v. Armontrout*, 897 F.2d at 333 (8th Cir. 1990). Were the rule otherwise, every state prisoner could obtain a hearing by filing a complaint composed of generalizations and conclusions. The petition should set out sufficient facts to enable the court to determine a real possibility of constitutional error. Habeas corpus is not a general form of relief for those who seek to explore their case in search of its existence. *Aubut*, 431 F.2d 688, 689. Because Jenkins' petition fails to summarize the facts supporting the grounds upon which he claims his sentence is excessive, this claim will be denied.[3]

In sum, Jenkins may proceed with his claim that his conviction rests upon an involuntary guilty plea, in violation of his right to due process under the Fourteenth Amendment, and his claim

---

[3] The Court notes that neither is any sufficient factual basis for this claim found in the original petition Jenkins has sought unsuccessfully to incorporate in his amended petition.

7

that trial counsel rendered ineffective assistance of counsel by failing to adequately explain the terms of the plea agreement. All other of Jenkins' claims are dismissed.

**THEREFORE, IT IS ORDERED** that within 30 days of the date of this order respondent shall either file an appropriate motion seeking dismissal or answer the petition, complying with Rule 5 of the Rules Governing § 2254 Cases, and showing cause, if any, why the writ should not issue.

**FURTHER, IT IS ORDERED** that unless respondent files a dispositive motion in lieu of an answer, the parties shall abide by the following schedule regarding the filing of briefs on the merits of petitioner's claims: (1) petitioner has already filed a brief in support of his petition; (2) respondent shall have 45 days following the filing of her response within which to file a brief in opposition; and (3) petitioner shall have 30 days following the filing of respondent's opposition brief within which to file a reply brief, if any.

If respondent files a dispositive motion and supporting brief in lieu of an answer, this briefing schedule will be suspended and the briefing schedule will instead be as follows: (1) petitioner shall have 30 days following the filing of respondent's dispositive motion and supporting initial brief within which to file a brief in opposition; and (2) respondent shall have 15 days following the filing of petitioner's opposition brief within which to file a reply brief, if any.

Pursuant to Civil L.R. 7.1(f), the following page limitations apply: briefs in support of or in opposition to the habeas petition or a dispositive motion filed by respondent must not exceed thirty pages and reply briefs must not exceed fifteen pages, not counting any statements of facts, exhibits, and affidavits.

Petitioner is advised that he must send copies of all future filings with the court to counsel for respondent. Until respondent files his or her answer, these copies should be sent to Gregory Weber at the address below.

Pursuant to Rule 4 of the Rules Governing § 2254 Cases, copies of the petition and this order will be mailed to respondent and to the Attorney General for the State of Wisconsin, c/o Gregory M. Weber, Assistant Attorney General, P.O. Box 7857, Madison, WI 53707.

This district's form regarding magistrate judge jurisdiction should be included with copies of this order and returned by the parties as directed on that form.

Dated this   21st   day of August, 2008.

s/ William C. Griesbach<br>
William C. Griesbach<br>
United States District Judge